Alfred C. **REINKING**, D/B/A A. C. Reinking Lumber Company

v.

**UNITED STATES.**

No. 91–59.

United States Court of Claims.

Nov. 2, 1960.

Walter R. James, No. Kansas City, Mo., for plaintiff.

Martin E. Rendelman, Chevy Chase, Md., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

MADDEN, Judge.

In 1950 the plaintiff made a contract to store lumber for the Government and render services connected with the storage. The plaintiff's suit asserts three causes of action, (1) for services rendered; (2) for termination costs; and (3) for damages alleged to have resulted from fraud on the part of the Government, and from failure to pay the termination claim.

The Government has filed three counterclaims, the first two of which are attacked by the instant motion. The counterclaims assert that the plaintiff's contract contained a provision, clause 33, that the prices originally set in the contract should be subject to adjustment upward or downward as experience was had under the contract; that the parties had not agreed upon the amount of the price adjustment and the contracting officer had made unilateral adjustments

downward of the contract prices and that the plaintiff is indebted to the Government for the amount of those adjustments.

The plaintiff's motion for the dimissal of these first two counts of the Government's counterclaim is based upon the contention that the causes of action against the plaintiff, asserted in these counts, have been adjudicated against the Government in another action in another court.

The plaintiff's contract with the Government contained, as we have said, a provision for the revision of the contract prices. Such a revision was to be accomplished by the agreement of the parties, if they could agree. If they could not, the contracting officer was authorized to make a unilateral determination. His determination could be appealed to the head of the department, under the disputes provision of the contract.

In 1955 the Government filed a suit against the plaintiff in the United States District Court for the Western District of Missouri. It asserted that the parties had made an agreement as to the revision of the contract price covering the period of performance from November 1, 1950 through June 30, 1952; that the agreed revision was a reduction of $748,292, to be repaid by the plaintiff to the Government, but that the plaintiff, though demand had been made upon it, had failed, neglected and refused to make the payment.

The plaintiff denied the Government's allegations and also asserted that the Government had made false representations and had subjected the plaintiff to duress. The plaintiff asserted certain counterclaims in the District Court suit. These were for termination costs for services rendered and for alleged breaches of contract by the Government.

The case was tried by the District Court and the Government's claims were dismissed "on the merits." The plaintiff's counterclaims were dismissed without prejudice, for lack of jurisdiction. This was because of the limitation of the District Court's jurisdiction, in suits against the Government on this kind of claims, to claims not exceeding $10,000.

The Government's suit was dismissed on the merits because the court found that the Government's representatives had inserted, in a writing which the parties had discussed and the last page of which the plaintiff had signed, some pages containing provisions to which the plaintiff had not agreed. The court also found that false representations had been made to the plaintiff in the discussions leading up to the purported agreement.

■ The plaintiff would give to the District Court's decision the effect of nullifying the plaintiff's agreement, embodied in clause 33 of its contract, that there should be a revision of contract prices. Clause 33 was not questioned nor contested in the District Court litigation. What was litigated was whether, pursuant to clause 33, the parties had agreed upon an amount of price revision, and the plaintiff had promised to pay that amount at a specified time. The court held that no such agreement had been validly made. Apart from the question of res judicata and the litigation, if the parties did not agree to a revision, the contracting officer would unilaterally fix the amount of the revision, subject to the plaintiff's right to appeal.

The court, then, would not have intended to hold, and there would have been no legal basis for such a holding if it had been intended, that the Government's right to price revision had been forfeited by its conduct. The plaintiff urges that, whether intended or not, the doctrine of res judicata produced that result.

If the Government could have, in its District Court suit, claimed in the alternative what it is now claiming in its counterclaims in this court, its failure to make such an alternative claim would probably not keep the claim from being barred by res judicata. But the Government could not have sued on clause 33, without more, in its prior suit. Clause 33 did not give the Government a right to sue to get some of its money back if the

parties did not agree to a revision. It stipulated further events as conditions precedent to that right: a unilateral determination by the contracting officer; the opportunity for the plaintiff to appeal such a determination; the decision by the head of the department. None of those conditions precedent had occurred when the Government sued in the District Court.

Suppose one has made a promissory note due in five years, with interest payable annually, and with a provision that failure to pay interest as due will cause the principal to become due. The payee, after two years, sues for the principal and accrued interest, asserting non-payment of interest as having matured the note. The maker of the note pleads a timely tender of the interest, which was refused. The court holds that there was a timely tender of the interest and dismisses the suit "on the merits." That judgment would not destroy the payee's right to sue on the note when it became due according to its terms.

The District Court's judgment was rendered on September 10, 1958. The plaintiff filed the instant suit on February 24, 1959. On July 30, 1959, the contracting officer issued a unilateral determination of the amount which the plaintiff should refund to the Government under clause 33. The amount so determined is the subject of the Government's first counterclaim. The subject of the second counterclaim is an amount, unilaterally determined by the contracting officer, covering price revision for only the last year of the contract. This determination was made in 1954, was appealed by the plaintiff to the head of the department, the appeal was under consideration by the Armed Services Board of Contract Appeals when, in July 1956, the head of the department ordered the Board to "take no further action" in connection with the appeal, in view of the litigation then in process in the District Court. That appeal has never, so far as appears, been decided.

We think that in view of the confusion and delay which has occurred in the car-

rying out of the administrative steps prescribed in the contract, the plaintiff should, at its option, be permitted to get its rights and those of the Government determined in the instant suit in this court, without further resort to the administrative procedure stipulated in the contract.

The plaintiff's motion for summary judgment is denied.

It is so ordered.

JONES, Chief Judge, and DURFEE, and LARAMORE, Judges, concur.

WHITAKER, Judge, took no part in the consideration and decision of this case.