**GAROD RADIO CORPORATION**

v.

**The UNITED STATES.**

No. 7–58.

United States Court of Claims.
Oct. 3, 1962.

Solomon Dimond, Washington, D. C., for plaintiff. Burton R. Thorman, Washington, D. C., was on the briefs.

Kendall M. Barnes, Washington, D. C., with whom was Asst. Atty. Gen., William H. Orrick, Jr. for defendant.

DURFEE, Judge.

This is a suit for damages for production losses which plaintiff claims resulted from its contract in 1950 with the United States Signal Corps to manufacture 6,000 radiosondes. The radiosonde is a radio transmitter used for transmitting coded signals as to pressure, temperature and humidity of the atmosphere through which the instrument descends

by parachute when dropped from an airplane.

Having experienced considerable difficulty in the performance of the contract, plaintiff sought an equitable adjustment in price from the contracting officer because of alleged defects in the specifications. His denial of this claim was later affirmed upon appeal to the Armed Services Board of Contract Appeals, except that it allowed an equitable adjustment in price for increased costs for one item, "the 27–hair humidity element." This one issue was remanded to the contracting officer to determine the amount owing plaintiff on this item, but there is no record of any further action.

On July 22, 1960 this court ordered stricken the defense alleged by the Government in this action that plaintiff had failed to exhaust its administrative remedy. The court also instructed plaintiff to proceed with the remainder of its administrative remedy and with this suit.

Plaintiff alleges three counts for recovery. The first count alleges these misrepresentations by defendant in the specifications:

"(1) That the radiosondes had been adequately engineered for production.

"(2) That this equipment could be mass-produced.

"(3) That the components had precise specifications and were completely standardized and reliable, and

"(4) These components and the model radiosonde furnished by defendant could be used by plaintiff as a standard of performance and without hindering its performance of the contract."

■ There can be no recovery on this first count because the evidence fails to establish that defendant expressly or impliedly made these alleged misrepresentations. Plaintiff was advised by defendant prior to the contract that the radiosonde unit was complex and difficult to produce, and that considerable manufacturing expertise in this type of production would be required. Plaintiff had no prior experience in this particular type of manufacture of a complex and difficult instrument. As a result of this lack of experience in producing comparable items, plaintiff mistakenly appraised this project as a routine assembly job, and as a consequence, encountered constant difficulties in manufacture, such as improper adjustment of pickup arms, improper installation of motors and intraplant personnel problems and turnover.

Alternatively, plaintiff seeks to recover in its second count the same additional costs and damages alleged in its first count, under the "Changes" clause in the contract, which provides for equitable adjustment and modification of the contract prices. This claim for equitable adjustment was previously denied by the contracting officer. The Armed Services Board of Contract Appeals affirmed the decision of the contracting officer, except that the Board allowed equitable adjustment in price for increased costs of one item, the "27–hair humidity element." This one item was remanded to the contracting officer to determine the amount owing plaintiff thereon. This remand was later confirmed by the Board, but there is no record of any further action or determination.

We conclude that the Armed Services Board of Contract Appeals had proper cognizance of plaintiff's appeal under the contract as herein alleged in plaintiff's second count under the "Changes" clause in the contract. We have already found that the evidence does not establish plaintiff's present claims as to misrepresentation. We further conclude that the decision of the Board was not arbitrary or capricious and was supported by substantial evidence.

■■ On July 22, 1960 the court in this case granted plaintiff's motion to strike the defense concerning plaintiff's failure to exhaust its administrative remedies and instructed plaintiff to

prosecute both the remainder of its administrative remedy before the Armed Services Board of Contract Appeals, and also the instant suit before the court. This remainder of the administrative remedy is the determination of increased costs of the "27–hair humidity element" of the radiosonde under the "Changes" article in the contract, as directed by the Armed Services Board of Contract Appeals. The record does not divulge any specific action by either party relative to compliance with the order of the court made over two years ago to proceed with this part of the administrative remedy. In view of this unexplained delay and to eliminate further confusion in deciding the rights of both parties as to this one issue, we conclude that defendant is liable for equitable adjustment of the contract price for increased costs incurred in connection with the 27–hair humidity element of the radiosondes manufactured by plaintiff pursuant to the contract, and section E–7 of the specifications as modified. We shall not require further administrative procedure. Reinking Lumber Co. v. United States, Ct.Cl., 283 F.2d 527, and Armstrong et al. v. United States, Ct.Cl., 287 F.2d 577.

■ In its third count, plaintiff seeks to recover a one percent discount deducted by the Government from the entire contract price as provided in a subsequent modification of the contract. This modification of the contract provided for an advance partial payment by defendant at the rate of 90 percent of direct material costs in consideration of a one percent reduction in the total contract price. Plaintiff contends that the discount was not properly deductible from the contract price because defendant did not make all of the partial payments required under the modification of the contract. Plaintiff's appeal to the Armed Services Board of Contract Appeals protesting the deduction of this discount was denied on the ground that the discount was "an unqualified reduction in the contract price." We find that this decision by the Board was supported by substantial evidence and was not arbitrary or capricious. The evidence does not establish that any delay by defendant in making partial payments under this modification of the contract was a wrongful breach of the contract, but was attributable to defendant's difficulties in processing and auditing plaintiff's invoices.

Defendant contends that the entire contract was performed by a subcontractor, The Wilcox-Gay Corporation of Charlotte, Michigan; that there is no evidence that plaintiff paid that subcontractor any part of its losses, or that plaintiff is liable to the subcontractor for such losses, and therefore plaintiff is not entitled to recover under the "Severin doctrine," Severin v. United States, 99 Ct.Cl. 435 (cert. denied 322 U.S. 733, 64 S.Ct. 1045, 88 L.Ed. 1567).

The subcontract is not in evidence and there is no evidence as to whether or not plaintiff is liable to the subcontractor for losses. In J. W. Bateson Company, Inc. v. United States, 163 F.Supp. 871, 143 Ct.Cl. 228, at p. 229, this court said:

"* * * a prime contractor may bring suit on behalf of the subcontractor where the contract between those parties does not negate liability for increased costs occasioned by the acts of the Government. * * *"

See also Barnard-Curtiss Company v. United States, Ct.Cl., 301 F.2d 909, and J. L. Simmons Company, Inc. v. United States, Ct.Cl., 304 F.2d 886.

■ In the absence of any proof of an exculpatory provision in the subcontract, we conclude that plaintiff is entitled to maintain this action as to the equitable adjustment of the contract price for increased costs incurred in connection with the "27–hair humidity element" of the radiosondes manufactured by plaintiff, as allowed by the Armed Services Board of Contract Appeals.

Judgment will be entered for plaintiff as to this one claim, with the amount of recovery to be determined pursuant to Rule 38(c), 28 U.S.C.A.

As to all other claims or counts alleged by plaintiff, the petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and DAVIS, LARAMORE and WHITAKER, Judges, concur.